07-4742-cv
Garcia v. NYC Administration

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which a litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the twenty fifth day of November two thousand and nine.

PRESENT:

>  JOSÉ A. CABRANES,
>  CHESTER J. STRAUB,
>  RICHARD C. WESLEY,
>          *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MONIQUE GARCIA,

>          *Plaintiff-Appellant,*

>  v.                                                              No. 07-4742-cv

NYC ADMINISTRATION FOR CHILDREN'S SERVICES, THE CITY OF NEW YORK,

>          *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**            Monique Garcia, *pro se*, St. Albans, NY


**FOR DEFENDANTS-APPELLEES:**            Dona B. Morris, Assistant Corporation
                                         Counsel (Michael A. Cardozo, Corporation
                                         Counsel, *on the brief*), The City of New York
                                         Law Department, New York, NY


Appeal from an order and judgment of the United States District Court for the Southern District of New York (George B. Daniels, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.


Plaintiff-appellant Monique Garcia ("plaintiff"), proceeding *pro se*, appeals from a Memorandum Opinion and Order of the District Court entered September 27, 2007 granting summary judgment to defendants, the New York City Administration for Children's Services and the City of New York (jointly, "defendants"). Plaintiff asserted claims for: (1) discrimination, retaliation, and hostile work environment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*; (2) violations of 42 U.S.C. § 1981; (3) violations of New York state law; and (4) violations of the New York City Human Rights Law. We assume the parties' familiarity with the remaining factual and procedural history of this case.

We affirm the District Court's dismissal of plaintiff's discrimination, retaliation, § 1981, and state law claims substantially for the reasons stated in its thorough and careful Memorandum Opinion and Order entered September 27, 2007. *See Garcia v. N.Y. City Admin. of Children's Servs.*, No. 03 Civ. 05271, 2007 WL 2822153 (S.D.N.Y. Sept. 27, 2007).

With respect to plaintiff's hostile work environment claim, we note that since the District Court's decision, our Circuit has further refined the requirements of proving such a claim. *See Aulicino v. N.Y. City Dep't of Homeless Servs.*, 580 F.3d 73, 82-85 (2d Cir. 2009). In *Aulicino*, we vacated a grant of summary judgment on a hostile work environment claim upon concluding that "the court should have discounted from its analysis, if not altogether disregarded, the intervening [two-year] period between comments by one supervisor and comments by another" because "a 'realistic' picture of the hostile workplace alleged by [plaintiff] is not obtained by focusing on a two-year stretch of time in which he fails to allege acts of hostility." *Id.* at 84. Unlike *Aulicino*, the District Court here did not improperly use any break in incidents of discrimination to "dilute the strength" of more intense periods of harassment that might otherwise be considered pervasive. *See id.*

2

Moreover, the severity of the harassment alleged by plaintiff is distinguishable from *Aulicino*, where the plaintiff faced threats of physical violence. *See id.* at 84-85.

Accordingly, we find no error in the District Court's conclusion that the incidents alleged by plaintiff were not "'sufficiently severe or pervasive to alter the conditions of [her] employment'" and, therefore, do not support a claim for hostile work environment. *See Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 570 (2d Cir. 2000) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)).

## CONCLUSION

We have considered all of plaintiff's arguments and find them to be without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

By _____

3